FILED

2014 JAN 10 PM 1:16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:14-cv- 46-ORL-28 TBS

LINDA SUSAN KARP, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.

SHAPIRO, FISHMAN & GACHÉ, LLP,
a Florida General Partnership,

    Defendant.
_____/

# CLASS ACTION COMPLAINT
# AND DEMAND FOR JURY TRIAL

    Plaintiff, LINDA SUSAN KARP, by and through her undersigned counsel, hereby files her Class Action Complaint and Demand for Jury, on behalf of herself, and a putative class, sues the Defendant, SHAPIRO, FISHMAN & GACHÉ, LLP, and alleges as follows:

    1.    This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

    2.    This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. Venue in this District is proper because the Plaintiff resides in this District and Defendant does business in this District.

3. Plaintiff brings this action for illegal practices of Defendant, SHAPIRO, FISHMAN & GACHÉ, who allegedly used false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff.

4. Plaintiff alleges that the Defendant, SHAPIRO, FISHMAN & GACHÉ, and its respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

5. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a) - (e).

6. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601

*Susan S. Karp, etc., et al. v. Shapiro, Fishman & Gaché, LLP*
Page 3

---

F.3d 1185 (11th Cir. 2010).

7. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

8. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §§1692e (1)-(16).

## I. PLAINTIFF

9. Plaintiff, LINDA SUSAN KARP, is also known as Linda S. Stowell.

10. At all times relevant to this Complaint, Plaintiff was a natural person residing in the State of Florida.

11. At all times relevant to this Complaint, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

12. At all times relevant to this Complaint, Plaintiff was a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

13. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

## II. DEFENDANT

14. Defendant, SHAPIRO, FISHMAN & GACHÉ, LLP, is a Florida General Partnership having its principal place of business at 4630 Woodland Corporate Boulevard, Suite 100, Tampa, FL 33614, and at all times relevant to this Complaint, collects and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15. SHAPIRO, FISHMAN & GACHÉ, LLP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

## III. FACTS

16. Plaintiff herein is alleged to have incurred financial obligations in the form of residential mortgage in favor or PHH Mortgage Corporation and is alleged to have defaulted on that obligation.

17. On January 23, 2013, Defendant filed a Verified Complaint to Foreclose Mortgage against Plaintiff in Seminole County, Florida, Case No. 2013-CA-0329, seeking monetary relief and to foreclose of a mortgage in favor of Defendant's client, PHH Mortgage Corporation.

18. The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

19. Attached to the Civil Action Summons and Verified Complaint to Foreclose Mortgage that was served upon Plaintiff in connection with the mortgage foreclosure action filed by Defendant was a document entitled:

*Susan S. Karp, etc., et al. v. Shapiro, Fishman & Gaché, LLP*
Page 5

---

"NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq." (attached hereto)

20. The Notice described in the preceding paragraph and attached hereto stated, among other things, that:

> The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt within that period, it will be assumed to be valid by this office. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, PHH MORTGAGE CORPORATION. If you chose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter.

21. The Notice described in the preceding paragraph, allegedly required by 15 U.S.C. § 1692g(a), is in fact not required at all. This is because a Complaint is not considered an "initial communication" for purposes of § 1692g(a). See 15 U.S.C. § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003).

22. The Notice arises from a fundamental misunderstanding of the law on the part of Defendant in that a pleading could never trigger a consumer's rights pursuant to §1692g of the FDCPA. Nevertheless, Defendant chose to incorporate its so-called Notice into hundreds of its foreclosure lawsuits filed in the State of Florida.

23. The NOTICE, described above and attached hereto, unnecessarily attached to the Civil Action Summons and Verified Complaint to Foreclose Mortgage filed by the Defendant

*Susan S. Karp, etc., et al. v. Shapiro, Fishman & Gaché, LLP*
Page 6

---

against the Plaintiff states that the Plaintiff must dispute the alleged debt within thirty (30) days of the date of the receipt of the lawsuit or the debt will be assumed valid by Defendant.

24. Several other cases from within this Circuit have similarly held that such Notices support a claim for violation of the FDCPA. *See generally, Battle v. Gladstone Law Group, P.A.,* --- F.Supp.2d ----, 2013 WL 3297552 (SD. Fla. June 28, 2013) (finding that plaintiff had sufficiently plead FDCPA violation related to notice attached to mortgage foreclosure complaint); *Johnstone v. Aldridge Connors, LLP*, 2013 WL 6086049, 3 (S.D. Fla. Nov 20, 2013); *Lewis v. Marinosci Law Group, P.C.*, 2013 WL 5789183, 4 (S.D. Fla. Oct 29, 2013); *Rotenberg v. MLG, P.A.*, 2013 WL 5664886, 2 (S.D. Fla. Oct 17, 2013).

25. Defendant's Notice, as described herein, deceives consumers as to when and how their rights are triggered. It is a false statement and actionable under *Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.").

### IV. CLASS ACTION ALLEGATIONS

26. This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) upon whom the Notice described above and attached hereto, similar to the one described, quoted above and attached to a mortgage foreclosure complaint, was served or sent to (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undeliverable by the U.S. Post Office or unserved (v) during

the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").

27. Plaintiff alleges, on information and belief, based upon the Defendant's use of the Notice described above and attached hereto, that the class is so numerous that joinder of all members of the Class is impractical. At a minimum, Plaintiff believes the Class to be several hundred persons, and most likely in excess of 300.

28. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issues common to each class member is that each was served with the form Verified Complaint to Foreclose Mortgage referred to above. The principal legal issues are whether the Notice described above and attached hereto violates the FDCPA by deceiving and misleading consumers into filing a written dispute pursuant to the FDCPA and the time within which the dispute was to be filed.

29. Plaintiff's claim is typical of those of all of the class members. All are based on the same facts and legal theories.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

31. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a.    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.    Named Plaintiff herein requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

33.    The allegations in paragraphs 1 through 32 are incorporated by reference herein.

34.    Section 807 of the Fair Debt Collection Practices Act, 15 USC § 1692e, provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>     \*    \*    \*    \*    \*
>
> 10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35.    Defendant's Notice described above and attached hereto suggests that the Plaintiff herein must dispute the debt sued upon within thirty (30) days, and many consumers would believe that they would need to file a response to the Court, which would then deemed an

*Susan S. Karp, etc., et al. v. Shapiro, Fishman & Gaché, LLP*
Page 9

---

Answer. Once a consumer has filed an Answer, she/he have waived many of their legal rights, including but not limited to:

a. the right to contest service of process;

b. the right to seek a more definite statement;

c. the right to file a motion to dismiss; and

d. are consequently more vulnerable to any attempted summary judgment motion filed by Defendant.

36. In sum, the unnecessary Notice described above and attached hereto which was served upon the Plaintiff as alleged herein, which Notice explains a consumer's rights to dispute and seek validation of an alleged debt even though those rights have not been triggered, would be deceptive to the "least sophisticated consumer" with respect to their rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(10).

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant has violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c. To award each Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

*Susan S. Karp, etc., et al. v. Shapiro, Fishman & Gaché, LLP*
Page 10

---

e. To award Plaintiff and other class members, their reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. The allegations in paragraphs 1 through 32 are incorporated by reference herein.

38. Plaintiff is an individual who resides in the State of Florida.

39. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

40. Defendant is a person as defined in §1.01(3), Fla. Stat.

41. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

42. Defendant, SHAPIRO, FISHMAN & GACHÉ, LLP, is a General Partnership engaged in collecting debts in this State.

43. Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

\*            \*            \*            \*

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass

the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44. Defendant has engaged conduct which can reasonably be expected to abuse or harass the Plaintiff by communicating with the Plaintiff in a deceptive and misleading manner.

45. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

46. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

47. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

49. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

50. Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

51. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

*Susan S. Karp, etc., et al. v. Shapiro, Fishman & Gaché, LLP*
Page 12

_____

52. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

53. Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B. That Defendant be enjoined from any and all further illegal collection practice.

C. Actual damages pursuant to Fla. Stat. §559.77(2).

D. Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

E. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G. For such other and further relief as may be just and proper.

DATED this 10 January 2014.

N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address: njtlaw@gmail.com

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq.

The law firm of SHAPIRO, FISHMAN & GACHÉ, LLP has been retained to initiate a lawsuit to foreclose the mortgage on your property. The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:

1.  As of May 30, 2012, our client has advised us that the amount of the debt is $236,009.43.

2.  The creditor to whom the debt is owed is PHH MORTGAGE CORPORATION.

3.  The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt within that period, it will be assumed to be valid by this office. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, PHH MORTGAGE CORPORATION. If you chose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter.

4.  If you notify us in writing within thirty (30) days of the date you receive this notice that you are disputing the debt or any portion thereof, or if you notify us within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from our client, PHH MORTGAGE CORPORATION, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

5.  Florida law provides that your answer to the attached complaint is to be filed within twenty (20) days. The Fair Debt Collection Practices Act allows you thirty (30) days to dispute the debt. Therefore, no request will be made to the Court for a judgment until the expiration of thirty (30) days after your receipt of this complaint and summons. If you request proof of the debt or the name of the original creditor within the thirty (30) day period that begins with your receipt of this petition and summons, the law requires us to cease our efforts (through litigation or otherwise) to collect the debt until we mail the request information to you.

6.  Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (813) 880-8888.

7.  Please be advised that if your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this Notice is provided solely to foreclose the mortgage remaining on your property and is not an attempt to collect the discharged personal obligation.

Any written requests should be addressed to:

SHAPIRO, FISHMAN & GACHÉ, LLP
4630 Woodland Corporate Blvd., Ste 100
Tampa, FL  33614
SFG #: 11-234685
Pursuant to the Fair Debt Collections Practices Act, you are advised that this office may be deemed a debt collector and any information obtained may be used for that purpose.